The next matter on our calendar is Thomas Cox and others v. Spirit Airlines. Thank you. Counsel, you may begin. Good morning, Your Honors, and may it please the Court. My name is John Hermina, and I'm here representing the plaintiff's appellants in this case. Your Honor, there are several compelling reasons why the judgment of the District Court should be reversed. What is your contract? Our contract is a transportation agreement where the airline agreed to provide transportation to particular destinations at a particular price on particular dates. The circumstances surrounding the transaction, the intention of the parties, as we alleged in the complaint, paragraphs 13 through 32, paragraph 39, and paragraph 41, the totality of the allegations, Your Honor, point to a contract. And, Judge Parker, there is a case, a second Hickox-Hoffman case that was discussed in the proceedings below that was not briefed, but that case was brought to the attention of the District Judge on the date of the hearing on the motion to dismiss. That case is very important because... Is your carry-on baggage case argument based on an express or implied contract? It's based on... What are you arguing before us? We are arguing that there was an express term, and that is the price, and there was an implied term for the carry-on items, like the pocketbook that Ms. Neptune mentions in her paragraph in the complaint. It is an implied contract. Is your argument that price includes the right to bring a purse? Yes, Your Honor. And is that... On what basis would you interpret price that way? The complaint alleges quite sufficiently that Spirit Airlines chose to limit the terms that are given to consumers, including the plaintiffs, via third parties. We're not... We don't have a contract that involves Spirit Airlines directly. Go to Expedia, and what does Expedia tell you? Well, Judge Pooler, if you look at what they submitted, they actually have it. They submitted that in the... It's a price line item, and I can tell Your Honor what it is in the record. You will see that there is no reference to carry-on. There is a reference to baggage, but as Judge Scanlon pointed out during the discovery hearing, there is a distinction between baggage and carry-on items, like... Well, you have to pay for baggage. That's clear. Yes. On the price line. But what about carry-on? That there's not completely... Spirit Airlines chose deliberately to not have that as a term to be considered by the plaintiffs. What about baggage fees? Oh, yes, Your Honor. Again... Well, why doesn't baggage fees cover carry-on baggage? Judge Parker, that's the heart of our case, because if there is an interpretation to be made using strict common law breach of contract principles, that would be an item for the court to explore. We say baggage has nothing to do with carry-ons. It has nothing to do with carry-ons. I don't understand that. Your Honor, as Judge Scanlon said, if you went outside in the hallway... You know, Scanlon said that in recital. If you went outside in the hallway and asked any group of people what baggage means, they would say it's the thing that goes in the hold of the aircraft.  What's that based on? What? I mean, what's that based on? What? Based on what Spirit Airlines elected... Was it because the judge thought that that was it, or was there evidence that that is indeed the common understanding of baggage? I didn't see anything in the record. Precisely, Your Honor. The absence of that from the terms that Spirit Airlines offered makes the carry-on included. And indeed, the Second Circuit has said, if there's an ambiguity, that is to be read against the author of the contract. You have an instance, Your Honor. Judge Weinstein, who is the best trial judge in the country, wrote that case, Berkson, in which he said, Judge Raji, that what is offered online is what the consumers accept. They said in their first motion to dismiss, and we cite that in our briefs, you're not even supposed to know, even after you consummate the contract, what's in the contract. We disagree. We think that very dangerously runs against the basic premise of contract law, that there are offers, acceptances, and once the payment is tendered, there's a contract. I see my time is up. I don't understand. I still am unclear at the end of the day about what exactly the contract is. Your Honor, the contract is... I'll take you to Fort Lauderdale for $200. Correct. Why does that say anything at all about carry-on baggage? It says you can take Your Honor's pocketbook. Pardon my expression, because it is actually a reality in the case. Your Honor can take your computer case with you, because they basically don't negate it. They talk about baggage, but they don't talk about carry-ons. They elected to use those terms. They limited the terms. It's a very basic contract law principle. You concede that all of your... that these clients, these purported class representatives, knew that baggage fees would be applied? No. The confirmation that they submitted, which is in Sphere Airlines' supplement, that confirmation shows, refers to baggage. In some instances, they don't even mention baggage at all. Your Honor, there are, Judge Parker, I think maybe 10, 13 third-party agents that Sphere Airlines uses specifically for the purpose of concealing that information. So when the person is... Excuse me. I didn't hear, Your Honor. What is included in it? And you're saying that baggage is included in it to the extent it can be carried on board. And what's the basis for that? Is that common understanding? Is it... Where does that expectation come from? The expectation comes from... Is it in a document? Well, it is. It is in the document. We exchanged this covering. What document? The single document that the Court can see is Ms. Neptune's... If the Court wants to follow along with the... It is Supplemental Index at S.A. 58. Supplemental Index 58. Why are we looking at anything other than the pleadings? Well, that's exactly our point, Your Honor. Thank you. You know, Judge Pooler, the question before you isn't whether we will ultimately prevail. The question is whether we've stated a cause of action upon which relief may be granted pursuant to 12b-6. I agree. And that question must be answered in the affirmative. We have. Based on the pleadings. Yes, Your Honor. And between 13 and 32, I have not seen a breach of contract claim pled better than this, if I may say so myself. All right. Your Honor, if it's fine, I'll give you three minutes for rebuttal. Thank you, Your Honor. We have from Spirit Airlines. Morning, Counsel. Good morning, Your Honor. Counsel, go on. You introduce yourself. My name is Stephanie Joder on behalf of Spirit Airlines. Would I have to pay for my purse on Spirit Airlines? The answer to that question would be determined by Spirit's contract of carriage, which sets forth the dimensions that a purse would have to fall within in order to constitute a personal item versus something that is a carry-on. So it's not whether something's labeled a purse or a backpack. It's whether it fits into that bin at the airport that would determine whether it would be appropriate. If I have a pair on my shoulder and it's small enough for me to carry it without staggering under its weight, would I have to pay for that? Without seeing the purse and knowing whether it would fit within the dimensions in the contract of carriage, it's hard to say. But my guess is that most purses, most things that someone would call a purse would probably fall within the dimensions. It would be small enough to be a personal item. The affidavits, which we know we're not looking at, say that people had to pay for their purses. One woman said that she put her purse in her backpack because she couldn't afford the second fee that the purse would have engendered. Can you speak to that? I assume. I mean, how do you know when you get to the airport? And these are not small charges. They're very hefty, aren't they? So I think I'm hearing two questions. Go ahead. Right. So the first is how does someone know what they can bring with them? And the answer to that is they can go to SPIRT's website. They can go to the contract of carriage where it's made available consistent with federal regulations. And they can see or they could call SPIRT. How are purchasers tipped off to the existence of the contract of carriage? So federal DOT regulations mandate the way in which SPIRT has to provide notice to individual passengers to incorporate a contract of carriage into a ticket. And so the way that it's made available is that the ticket has to, the actual ticket has to show that there's, has to have a notice component on it. And then that notice refers them to the full contract of carriage, which would not fit on a ticket. And under DOT regulations, that has to be made publicly available at ticket offices and So all SPIRT's tickets clue customers to the existence and the location of the contract of carriage? Yes. Under the scheme that the DOT has laid out. But I'm asking under the scheme of the DOT in real time, in real world, do all of the tickets clue passengers into the existence of the contract of carriage? That is my, yes, that's my understanding, Your Honor. The answer is yes. Every single ticket. Standing here today, I can't represent that, but that is my understanding about how SPIRT conducts its business. So what the contract of carriage says is that one carry-on bag is permitted in the aircraft for a charge? Correct, Your Honor. So that, does that mean a purse? So it means I have to pay for my purse? If the purse fits within the dimensions of a personal item, then no. It doesn't say personal item. It says carry-on. Right. So stated in the inverse, if a purse is large enough that it would qualify as a carry-on bag, that its dimensions would be the same as something that would be a carry-on bag, then it would have to be paid for. There would be an additional charge if you choose to bring a bag of a certain size on the airline, or on the aircraft. All right, continue. You would also, I want to address quickly the size of the fee, and I just want to point out that it's a sliding scale in the fee structure that SPIRT publishes. The earlier you pay for a carry-on bag, the smaller the fee is. So it depends on the flight. It depends on whether you have it. If you wait until you get to the airport because you were unaware that you would have to pay for your purse, it's very expensive. It's very expensive if only if you, well, very expensive is relative, of course. $50, $100. The $100 charge that comes up, the only time that gets charged is if a passenger tries to board the plane after the boarding process has begun without paying for a carry-on bag that has to be paid for. And so if a passenger is bringing, trying to – And I show up at gate 54, at gate 17 at LaGuardia, trying to board for West Palm Beach, and I'm walking onto the plane and I haven't paid it. I've got to pay $100 on top of my $200 ticket to West Palm? Hypothetically, yes, but that would require – Well, suppose I should – could Spirit impose – I mean, if I'm walking up to the gate, could Spirit take the position that you've got an overcoat, there's an extra $15 fee for overcoats? Spirit, like passengers who travel on Spirit, is also bound by its contract of carriage. So to my knowledge, it couldn't ad hoc or on any individual basis determine that someone would have to pay for an overcoat. Do they have to pay for an overcoat? I don't believe so. What if they're carrying it and not wearing it? No, that's not a carry-on item within the – as described in the contract of carriage, Your Honor. You're certain of that? Yes. The district court found that this was an expansion of the scope and therefore barred by the ADA. Do you agree with that? Yes, Your Honor, completely. Is that the grounds on which you sought dismissal? That was one of the grounds on which we sought dismissal. We also sought dismissal on the alternative ground that they had not pled a breach of contract claim. And the issues do dovetail in this context. But they have pled a breach of contract claim, haven't they? We don't believe the allegations are sufficient to support a breach of contract claim because they are clear throughout the pleadings and in all of their briefings that the only basis for their claim are their reasonable expectations based on travel experience with other airlines that a carry-on was included. They have not alleged any fact that there was an express term that was agreed to about carry-on bags. And they haven't pled any course of conduct from which you could infer and implied in fact contract that Spirit assented to provide carry-on bags for free. And in fact Spirit's contract of carriage states the exact opposite. So is that part of your argument that if it sounds in anything, it sounds in fraudulent inducement which implicates state law? Yes, Your Honor. Our argument would be that to the extent they might be able to recover on some quasi-contractual theory and implied in law theory or, you know, they did bring fraud and unjust enrichment claims below. They have not appealed the dismissal of those decisions. But yes, we think the only basis on which they could theoretically recover would be preempted by the ADA. What about the argument that price implies being able to carry what you have on your person, that price includes that? So the only way that you can get to the point where price includes a contract of carriage is if there is some basis for implying in fact that that was what the parties mutually agreed to. And so from our perspective, that conclusion is a legal conclusion that needs to be founded on. Isn't it possible to withstand a 12D6 challenge if not an ADA challenge? We don't think so, Your Honor, because of the way that plaintiffs have pled their allegations. They've been very clear that they're reasonable expectations and not anything that Spirit said or did, no conduct by Spirit, are the basis for their claims. And so from our perspective, they've essentially pled themselves out of being able to assert any fact that would support the inference of an implied in fact contract. Is it your position that every ticket that Spirit sells incorporates its contract of carriage? You know, as a matter of law, let me start off. Is it your position that every ticket that Spirit sells incorporates a contract of carriage? Yes, that is my understanding. And is that expressed on the ticket? There is a notice on the ticket stating that the contract of carriage is incorporated in the passenger's ticket. Every single ticket? Yes. Every single Spirit ticket? To the best of my knowledge, yes. Appoints you to the contract of carriage? Yes. But isn't it true that you didn't allege in your reply that Spirit complied with the notice requirements that are necessary to import the contract of carriage? In our reply below? Yes. You didn't allege that you met all those notice requirements that would alert passengers to the terms of the contract of carriage? We did not. The reason was that in the context of the motion to dismiss below, the issue of this implied-in-fact contract where the expressed term of the contract of carriage becomes crucially important, becomes particularly probative, was not crystallized at that time. What does that mean, was not crystallized? Let me start with the complaint. The complaint doesn't explain whether the contract was expressed or implied-in-fact. So when we moved to dismiss, based on the allegations, we did not make any argument about an implied-in-fact contract term. In their opposition brief, plaintiffs included law that either an expressed or implied-in-fact term could bind the airline and would not be preempted by the ADA. They did not, however, take the additional step of explaining how they have an implied-in-fact contract in this case. And they, in fact, didn't differentiate in that opposition between whether they might be bringing an implied-in-fact claim or an implied-in-law claim. And so when we replied, we included references to the contract of carriage and we addressed the issue of what circumstances an implied contract might not be preempted. Is Spirit obligated, in your view, to point its customers to the contract of carriage? Spirit is... In order to have the contract of carriage incorporated by reference in a passenger's ticket, Spirit is required under DOT regulations to include a notice on the ticket. And you didn't pledge, you didn't plead that you included that notice. Your response is devoid of any reference to the notice requirements. Isn't that correct? That's correct, Your Honor. So from the record before us, would it be correct that we cannot determine whether Spirit appropriately incorporated the contract of carriage? There is case law that supports... I didn't ask about case law, but go ahead. I'm asking about the record. I understand. Thank you, Your Honor. The record below did not brief that issue of notice. So the record is silent on whether the contract of carriage was... Brought to the attention... Brought to the attention of passengers. Not exactly, Your Honor. The fact that passengers completed their flight on Spirit Airlines and that the ticket would incorporate the contract of carriage, some courts have found it did put the passengers on notice since it was consistent with DOT regulations. Any record evidence that the Spirit's ticket references the contract of carriage? You can allege it, and we're not at the point where a copy of tickets is put into evidence, right? That's correct, Your Honor. It did not reference it. Are we correct that the imposition of these fees is not appropriate? I'm sorry, can you repeat the question? If the contracts of carriage are out of this case, are we then fair to assume that Spirit's passengers were not on notice of the possibility of extra carry-on fees? So I think there are two issues. I think that whether the passengers were on... The fact of whether passengers were on notice was not in the record below, but the fact that the contract of carriage exists is in the record, and to the... How do they know about it? But there are certain notice requirements that the airline has to comply with, and you didn't allege that in any of your papers before the lower court. That's correct, Your Honor, but to the extent that plaintiffs have not pled a breach of contract, plaintiffs aren't basing their claim on the contract of carriage. We presented it to address certain assertions that they had made, but whether the contract of carriage applies or does not apply does not change the fact that plaintiffs... How do you get to impose these baggage fees if it's not in the contract of carriage that's made, that the customers are informed of? So if we're assuming that the only terms that were agreed to were price, destination, and dates, which is the position plaintiffs have taken, and that the contract of carriage does not apply to them, that doesn't prohibit Spirit from doing anything. No, but it raises a question of fact as to what is implied in price. Doesn't it? Doesn't it raise a question of fact which would preclude summary judgment or 12D6 judgment on what is included in price? We don't think that it raises... I know you don't think so, but why wouldn't you? Because the allegations and the briefing that plaintiffs' appellants submitted makes clear that what they are relying on and what the district court found below was they're relying on their reasonable expectations. Spirit does not have an obligation to negate a passenger's reasonable expectations. That's not how contracts are formed. One of the major questions before us, because under the federal regulations, which we are required to take notice of, you can impose these fees as long as they're in the contract of carriage, and you tell the... and you alert your prospective passengers that, look, if you've got any questions about what's going on, look at the contract of carriage. That's correct, Your Honor. But the contract of carriage isn't in the record, nor... It might be down the road, but it's not now. That's our concern. I mean, what you would do if this case went into discovery is not our concern today. It's, is it before us today as part of the record? And I thought you said no. It's not before the court as a fact on the record. However, there is precedent, and this court has recognized before, documents that, on which a complaint rises or falls. And so even if it's not taken for the truth of whether Spirit charged these carry-on bags, its existence is still probative. But the question is whether you let them know that the contract of carriage existed, and you seem to... and for one of our hearing the... as far as the record is concerned, the answer to that is no. The answer to that is no, but the way that... the posture that the case is in, it's plaintiff's burden to prove that Spirit breached a contractual term, or not to prove, I'm sorry, to plead that Spirit breached a contractual term. If you had pleaded in your response when they bought their tickets, there was a link to the contract of carriage, and the contract of carriage made clear they would have to pay for carry-on baggage, I would understand your argument. But at this point in the proceeding, we don't have any of that, right? We did refer to the contract of carriage, but I'd have to look at the briefing again. I'm sorry, Your Honor. Not in the briefing, in the pleading. The pleading. And the pleading that we're looking for is one that says, however you wanted to do it, that you alerted customers that their contract included the contract of carriage, whether it was that you gave them a link to it or whatever. None of that is part of the present record, right? We did represent below that the contract of carriage governed passenger tickets. In the pleadings or in the briefing? In the briefings. On the passenger's ticket? I didn't hear you. We did represent below that the contract of carriage is incorporated into every passenger's ticket. How? Through the notice requirements that are set forth under the DOT regulations. Did you meet those requirements? You didn't plead. We understand you're required to, but is there evidence that you did? You didn't plead that you met the notice requirements required. You may at a certain future date, but you didn't plead it as of yet. Isn't that correct? We have not made a specific pleading. We have briefed the issues below. All right. So now assuming that that is not something you can rely on because it's not part of the record, on what argument do you ask us to affirm the judgment? We ask to affirm on the basis that plaintiffs have not and cannot plead any facts that show an express contractual term or an implied in fact contractual term that Spirit had an obligation to. Don't plead an express term in the sense that what their complaint says, if you bear with me, is that it was contemplated. I think that's the language that is used. Yes, the party's agreement contemplated that no additional fees would be paid. In short, they're not pointing to contract language. But they're saying that an agreement contemplates carry-on luggage just as it contemplates your coat or hat or a modest-sized handbag. Why is that not an adequate pleading? It isn't an adequate pleading because plaintiffs have alleged that the basis for their assumption is their unexpressed reasonable expectation about how air travel works based on their experience flying with other airlines. They don't allege that it's based on anything that Spirit did or said. Why doesn't any reasonable air traveler assume he or she can carry a pocketbook? I'm sorry. Why doesn't any reasonable air traveler assume she can carry a pocketbook without an extra fee? To the extent that an air passenger makes assumptions about air travel, that is perfectly understandable. But it does not bind Spirit or any other airline to adopt the model for air travel that any other airline adopts. We could carry this to ridiculous extremes. The question here is they're saying that what is reasonably contemplated when it says this is the fee amount is now a question that they've put into play. I mean, as I said, we can be ridiculous. You're going to transport a passenger from New York to Florida. I mean, presumably the passenger's allowed to wear his clothes. You can't charge him for that, right? That's the ridiculous extreme. Now a woman's going to carry a handbag, modest size. We're not talking about, you know, carrying a suitcase and calling it a handbag. You're agreeing that that's reasonably contemplated. So what you're talking about now is what is reasonably contemplated. You know, bringing on board some electronic devices might not be reasonably contemplated because of the interference with the plane or whatever. We can go on a spectrum. They're saying they're on the side of the spectrum that passengers reasonably contemplate. Yes, Your Honor. And that's why it's included in the ticket. Enforcing an obligation on Spirit based on what's reasonably contemplated and not based on a term that Spirit voluntarily undertook, that's preempted by the ADA. That's exactly what the ADA preempts. The only claim that could go forward... This is a state law breach of contract claim, which is not preempted by the ADA. This is a state law breach of contract. If it's a breach of contract claim that relies on attempts to do anything other than enforce an agreement that Spirit entered into, such as a reasonable expectation that might be relevant to an implied-in-law contractual theory or just enrichment or some other quasi-contractual theory, but unless it's a straightforward breach of contract claim, which there is no express term obligating Spirit to provide carry-on bags for no additional charge, there is no allegation that would support an inference that there's an implied-in-fact contract to transfer carry-on bags. You had never, hypothetically, you had never alerted any passenger to the existence of the contract of carriage. Could you in that circumstance impose additional fees at the gate? Under that hypothetical, yes. You could. If... They don't know anything about the contract of carriage. Somebody walks up to the gate and says, you know, you got on a fur coat. There's a $50 add-on for a fur coat. Could you do that? If that was what the contract of carriage... The assumption we're giving you is you don't tell them any of this in the contract of carriage. You're saying you can still do it. To the extent that Spirit... That there's no contract prohibiting Spirit from that, yes. It's going to be a fee if you use the bathroom? Yes. I mean, the way that Spirit or any other airline structures its business and the things that it chooses to charge for, that diversity, whether someone agrees or disagrees with those business judgments, the ADA protects Spirit from the enforcement of state law claims that would prevent it from coming up with diverse and innovative ways to... To follow up on Dr Adger's question, could you impose a $5 fee for any passenger who wanted to use the bathroom? Yes. Without telling them? In advance of them boarding the plane. Sorry, you can't open the door without paying us $5. Yes, I think, yes. Oh, OK. Thank you. All right. Thank you. We'll hear from Mr... You have two minutes for rebuttal? Counsel? With respect to Judge Parker's question, you don't mention contract of carriage in your complaint. We do not. We don't know anything about the contract of carriage. The complaint says so, the declaration says so, and if we're wrong, it's a question of fact that has to be determined at a later stage. The issue before Your Honours is whether we've stated a sufficient cause of action for breach of contract... State law breach of contract. State law breach of contract, and if we have done that, the claim is not preempted. Let me assume for purposes of this question that we agree that what you're trying to plead is breach of contract. Is it really, or is it a fraudulent inducement claim? Because as I read your complaint, I mean, you're really saying that there was never a meeting of the minds because they never intended to let anybody fly for that ticket price. They intended to add these extras. Why isn't this a fraudulent inducement claim? And if it is, does that get you into preemption trouble? No. Okay, help me out. Your Honours, there are so many cases that have come out, whether it's the Supreme Court, I can give Your Honour an example. Justice Alito in Ginsburg, Rabbi Ginsburg's case, of course, I need to distinguish that, Northwest v. Ginsburg, had an implied covenant of good faith and fair dealings, which is a state-type policy, which is what we're concerned about, and yet said you can maintain a breach... ...once there's an agreement of the minds. But I thought your complaint here was that there was never a meeting of the minds. Well, no, that's not what the complaint says. Okay, help me out. Your Honour, you can have... One can have... I don't mean to personalize this, Judge Rajak, but one can have an intent to contract and a malignant intent not to perform. It happens all the time in America's courtrooms. There will be no litigation in our courts if that were the case. Thank you.  Thank you both. Lively arguments were reserved decisions. The next three cases on our calendar are on submission, so I will ask the clerk to adjourn court. Court is adjourned.